**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7231**

BILLY RAHEEM FORTUNE,

                Petitioner - Appellant,

     v.

HAROLD W. CLARKE, Director of the Virginia Department of Corrections,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:13-cv-00687-AWA-TEM)

Submitted: January 23, 2018                 Decided: February 23, 2018

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Billy Raheem Fortune, Appellant Pro Se. Donald Eldridge Jeffrey, III, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Raheem Fortune seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(2) motion requesting relief from the court's order dismissing his 28 U.S.C. § 2254 (2012) petition as time-barred. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015).[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We conclude that Fortune has made the requisite showing. We therefore grant Fortune leave to proceed in forma pauperis and grant a certificate of appealability.

The district court concluded that the timeliness of a Rule 60(b)(2) motion is a jurisdictional requirement and denied Fortune's motion as untimely for that reason. We

---

[1] Fortune's motion qualifies as a true Rule 60(b)(2) motion because he challenged the dismissal of his original petition as time-barred. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (holding that movant presents true Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error," including dismissal of action as time-barred).

2

review this decision for abuse of discretion. *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1202 (2017). The court correctly concluded that a Rule 60(b)(2) "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding" from which the litigant seeks relief. Fed. R. Civ. P. 60(c)(1). However, we have held that "the Rule 60(b) one-year filing deadline is an affirmative defense," not a jurisdictional bar. *McRae*, 793 F.3d at 401. We have further explained that a district court's failure to recognize that it has discretion is an abuse of discretion. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). Because the district court did not recognize its discretion here, we vacate the court's judgment and remand for further proceedings.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] In so holding, we express no opinion as to the timeliness of the motion or the ultimate merit of Fortune's claims.

3